**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.P.**

**No. 22-0482** (Hardy County 20-JA-40)

**MEMORANDUM DECISION**

Petitioner Mother C.P.[1] appeals the Circuit Court of Hardy County's April 13, 2022, order terminating her parental rights to B.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2020, the DHHR received a referral that petitioner and the father abused controlled substances and lacked appropriate living conditions and employment. During the DHHR's initial investigation, the parents admitted to substance abuse and leaving then-three-year-old B.P. home alone. This same month, the maternal grandparents obtained temporary guardianship of B.P. in family court. The family court guardianship matter was removed to circuit court in August 2022 to address the allegations of abuse and neglect. The DHHR filed the underlying petition in September 2020 containing the above information and alleging that the father tested positive for fentanyl and methamphetamine on September 18, 2020. The DHHR substantiated the allegations of the parents' substance abuse and alleged that the parents' abilities to parent B.P. were impaired.

The parents stipulated to the allegations in the petition in January 2021, and the circuit court adjudicated them as abusing parents. The circuit court granted them post-adjudicatory improvement periods. The family case plan was formally approved in February 2021, which addressed three primary deficiencies in each parent's treatment plan: (1) the parent's drug and/or alcohol use is pervasive and threatens the child's safety; (2) the parent lacks parenting knowledge, skills, or motivation that affects the child's safety; and (3) the parent lacks appropriate housing and stable employment to financially support the child. The case plan required random drug

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Marla Zelene Harman appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

testing, substance abuse treatment, supervised visitations, parenting classes, adult life skills classes, and psychological evaluations.

The circuit court held a status hearing in May 2021, during which the DHHR reported that the parents had been discharged from the Day Report Center for noncompliance with drug screening and failed to appear for their scheduled psychological evaluations. However, by July 2021, the parents had completed their psychological evaluations, obtained employment, and were participating in parenting education classes. At that time, the court also learned that petitioner was pregnant with a second child and that the parents had not paid court-ordered child support for B.P.

In September 2021, the court granted the parents extensions to their improvement periods, which expired in November 2021. In December 2021, the circuit court granted the parents' overnight visits and, again, extended their post-adjudicatory improvement periods. In February 2022, the circuit court noted its concerns that the child exhibited negative behaviors after visits with the parents. At a status hearing, B.P.'s therapist testified that due to the child's negative behaviors, it would be best if B.P. resided with the grandparents during school weeks and stayed with the parents only on weekends.

At the dispositional hearing in April 2022, the DHHR and guardian moved to terminate the parents' parental rights based on the discovery that the father was secretly abusing delta-8, a derivative of tetrahydrocannabinol ("THC") that is not yet a controlled substance, and that both parents were secretly abusing kratom, a substance that mimics opiates.[3] The DHHR presented evidence that petitioner's second child, born in March 2022, experienced withdrawal symptoms due to petitioner's use of kratom. The evidence showed that petitioner's drug screens at the hospital initially showed a false positive for fentanyl and buprenorphine due to the chemical composition of kratom. The DHHR worker testified that petitioner told her that she used kratom for "aches and pains," and that hospital staff advised against petitioner breastfeeding the second child due to her ongoing kratom use. The parents testified that they had been using kratom daily for many years. The father stated that kratom can cause opiate-like and euphoric effects but that he never experienced such effects. Petitioner stated that kratom was "not a drug" but then followed that testimony with a statement that she was "weening" herself off kratom. Upon cross-examination, it was determined that standard drug screens do not detect delta-8 or kratom, and both parents testified that they did not disclose their drug use until after the second child's birth. The circuit court found that the parents had been inconsistent in following the court's directives and noted their initial failures to drug screen, participate in their psychological evaluations, or provide financial information for child support purposes. Ultimately, the court found that the parents were unable to care for B.P. or provide him a safe home based on their failure to address their overall substance abuse, including their recent admissions of using "mind-altering substances" and their minimizations thereof. The court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for

---

[3]Effective June 8, 2023, delta-8 is now a controlled substance in the Uniform Controlled Substances Act. *See* S.B. 546, 2023 Leg. 86th Sess. (W. Va. 2023), amending West Virginia Code § 60A-2-204 to include all derivatives of delta tetrahydrocannabinols as Schedule I drugs.

B.P.'s welfare.[4] Petitioner appeals the court's April 13, 2022, dispositional order terminating her parental rights.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the circuit court erred in finding that she had not successfully completed the terms and conditions of her improvement period. Because petitioner legally purchased and consumed kratom, she contends that the family case plan's prohibition of illicit substances did not apply. Therefore, according to petitioner, she met the terms and conditions set forth in the family case plan and successfully completed her improvement period. Upon our review, we find no merit to petitioner's argument.

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). The Court recently stated that

> [t]his determination can only be made on the basis of properly admitted, sworn evidence which reveals information such as a respondent parent's current functional status, his or her progress and/or set-backs during improvement periods, his or her parenting and lifestyle plans and prognosis, the children's current needs, developmental status, and the adequacy of their placement and/or placement plan.

*In re K.S.*, 246 W. Va. 517, 526, 874 S.E.2d 319, 328 (2022).

To begin, it is disingenuous for petitioner to argue that she was allowed to use legal substances when she hid the use of kratom from the DHHR workers and providers throughout the proceedings. Especially concerning, petitioner did not disclose this use to her doctors or substance abuse counselors. Indeed, she did not divulge this use until, upon her delivery of the second child, drug screens showed a false positive for fentanyl and buprenorphine due to the chemical composition of kratom. Additionally, the second child exhibited symptoms of substance withdrawal immediately after his birth. Petitioner testified that she had used kratom daily for nearly four years but refused to acknowledge that this use was in any way problematic or related to her longstanding drug addiction problem. Petitioner contended that kratom was "not a drug" and harmless but the circuit court found that the substance was "mind-altering." This is a credibility determination that we refuse to disturb on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a

---

[4]The father's parental rights were terminated below. The maternal grandparents were named as nonabusing custodians in the petition, and the permanency plan for B.P. is adoption by the maternal grandparents.

record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Contrary to petitioner's assertion that the case plan did not prohibit her use of kratom, the goals set forth in the case plan make clear that her continued use of substances was contrary to the requirement that she produce negative drug screens and gain knowledge of the effects of her drug use on the family. The goal of the family case plan "should be the development of a program designed to assist the parent(s) in dealing with any problems which interfere with his ability to be an effective parent and to foster an improved relationship between parent and child with an eventual restoration of full parental rights a hoped-for result." *Carlita B*., 185 W. Va. at 625, 408 S.E.2d at 377. Also of note, alcohol is a legal substance but is also mind-altering and can be abused. Petitioner's use of kratom shows a lack of insight into her substance addiction and a failure to address the goal of sobriety in the case plan. Despite the goals petitioner did achieve, she failed to change her approach to parenting by staying dependent on mind-alerting substances. *See W. Va. Dep't of Hum. Servs. v. Peggy F.,* 184 W. Va. 60, 64, 399 S.E.2d 460, 464 (1990) (finding that the respondent parent "failed to improve her overall attitude and approach to parenting"). Thus, petitioner failed to make sufficient improvement in the context of all the circumstances of the case to justify the return of B.P.

Next, petitioner argues that the circuit court erred in denying her motion to extend her post-dispositional improvement period. A court may extend a post-dispositional improvement period when the circuit court finds that the parent "has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the [DHHR] to permanently place the child; and that the extension is otherwise consistent with the best interest of the child." W. Va. Code § 49-4-610(6). As explained above, petitioner did not successfully complete her post-adjudicatory improvement period, which had been extended several times in contravention of Syllabus Point 5 of *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021) ("West Virginia Code § 49-4-610(6) (eff. 2015) authorizes only *one* extension of a post-adjudicatory improvement period."). Additionally, according to the record, the underlying matter had been pending for two years, which triggered the DHHR's statutory requirement to seek termination. *See* W. Va. Code § 49-4-605(a)(1) (requiring the DHHR to "seek a ruling in any pending proceeding to terminate parental rights" when a "child has been in foster care for 15 of the most recent 22 months"). Accordingly, we find no error in the circuit court's order denying petitioner an extension to her post-dispositional improvement period.

Finally, we find no error in the circuit court's termination of petitioner's parental rights. The DHHR presented persuasive evidence of petitioner's inability to correct the conditions of abuse and neglect in the near future, which overwhelmingly supported the circuit court's findings regarding termination. West Virginia Code § 49-4-604(d)(3) defines "no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected" to exist when the abusing parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of a child." *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that [the] conditions of neglect or abuse can be substantially corrected"). Further, evidence was presented from the child's therapist that B.P. exhibited negative behaviors

after visits with the parents and that the matter had been pending for two years, delaying B.P.'s permanency. As such, we find no error in the court's finding that termination was necessary for B.P.'s welfare. Accordingly, the circuit court did not err in terminating petitioner's parental rights to B.P.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 13, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: June 13, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

5